IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MILDRED JOYCE CANTRELL, DEPENDENT OF SPENCER THURMAN CANTRELL (DECEASED),**
**Claimant Below, Petitioner**

**FILED**
**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-6**    (JCN: 2021006494)

**ADAMS MFG CO., INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mildred Joyce Cantrell appeals the December 7, 2023, decision of the Workers' Compensation Board of Review ("Board"). Respondent Adams MFG Co., Inc. ("Adams") timely filed a response.[1] Ms. Cantrell filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order which denied fatal dependents' benefits, and holding that Ms. Cantrell did not demonstrate that her deceased husband, Spencer Thurman Cantrell, was exposed to abnormal quantities of dust in the course of his employment with Adams.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. For these reasons, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. As explained below, we vacate the Board's order and remand the matter to the Board with directions as set forth herein.

Mr. Cantrell died on October 31, 2020, and his dependent wife, Ms. Cantrell, filed a workers' compensation claim for dependent benefits. By order dated July 20, 2021, the claim administrator denied the claim for dependents' benefits.[2] Ms. Cantrell protested the order to the Board.

---

[1] Ms. Cantrell is represented by Leslie Ann James, Esq. Adams is represented by T. Jonathan Cook, Esq.

[2] Ms. Cantrell did not include the claim administrator's July 20, 2021, order in the Appendix record. According to the Board's order dated December 7, 2023, the claim administrator's basis for denying dependents' benefits was that Ms. Cantrell's application did not include a specific date of last exposure and did not include the necessary exposure

In the litigation before the Board, Ms. Cantrell submitted Mr. Cantrell's typewritten statement dated August 2, 2020. In this document, Mr. Cantrell stated that he worked from 1974 to 1992 at J&S Mining, which later became Mountaineer Mining Service. Mr. Cantrell recounted that while employed by J&S/Mountaineer Mining Service he was an industrial electrician and also performed the duties of a welder. Mr. Cantrell recalled that he worked on Joy Manufacturing equipment "all the time." He also reported that from 1993-2012, he continued his "work career in the same capacity" when he was employed by Adams. There, he stated, his job duties also included building, rebuilding, and repairing mining equipment. Mr. Cantrell noted that during his employment in the machine shops where he had worked, he frequently worked on Joy Manufacturing mines, cutting machines, and shuttle cars. Further, Mr. Cantrell stated that he recalled working with known asbestos products in his work, including packing and mining cables, and brakes, as well as at his home in construction materials, and brakes for personal use.

Ms. Cantrell also submitted transcripts of deposition testimony from September 10, 2020, and September 11, 2020, when Mr. Cantrell testified regarding his employment with J&S Mining/Mountaineer Mining Service. Mr. Cantrell testified that the braking systems that he worked on, as well as the cables located in the control boxes and packing on the packing glands, contained asbestos or asbestos-containing products.

Additionally, Ms. Cantrell submitted the affidavit of James "Jack" Cantrell, Mr. Cantrell's brother, dated September 10, 2022. Jack Cantrell stated that he worked with Mr. Cantrell at Adams for approximately fourteen years as Mr. Cantrell's supervisor. Jack Cantrell further stated that when Mr. Cantrell rebuilt shuttle cars, he rewired them and had to repack the asbestos and that the process created a great deal of dust. He further stated that his brother, Mr. Cantrell, breathed in the dust.

Ms. Cantrell also submitted the affidavit of Angela Pinter, the daughter of Mr. and Ms. Cantrell, dated September 10, 2022. Ms. Pinter stated that her father, Mr. Cantrell, was diagnosed with malignant mesothelioma on May 13, 2020. Ms. Pinter stated that after his diagnosis, Mr. Cantrell tried to recall the various ways that he was exposed to asbestos in his lifetime, and he sent her to retrieve boxes of equipment manuals, specifications, and other documents from his basement. These documents were provided to the Hartley Law Group prior to, during, and after Mr. Cantrell's deposition in September 2020. A portion of a manual regarding Joy equipment was used in the deposition and Mr. Cantrell described his work on Joy equipment and his work with asbestos packing. Ms. Pinter further stated that Mr. Cantrell passed away on October 31, 2020, and was unable to finish his deposition.

---

information connecting mesothelioma to the workplace versus exposures at different locations.

On May 12, 2021, Nasir A. Khan, M.D., reviewed Mr. Cantrell's medical records and provided a report. Dr. Khan stated that Mr. Cantrell was seventy-five years old at the time of his diagnosis of a right apical pleural mass biopsy that was proven to represent a malignant mesothelioma. Dr. Khan opined that Mr. Cantrell was likely exposed to airborne asbestos fibers and asbestos-containing products throughout the course of his employment as an industrial electrician/mechanic, friction work, and home repair. Further, Dr. Khan opined that every type of asbestos fiber causes malignant mesothelioma and that there is no safe level of occupational exposure to asbestos at which mesothelioma will not occur in humans. Finally, Dr. Kahn noted that smoking was not a primary, secondary, or contributing cause of malignant mesothelioma.

Adams submitted the affidavit of Mickey Cline, dated August 28, 2023. Mr. Cline worked as a shop foreman for Adams from 2001 to 2003 and 2007 to 2014. Mr. Cline stated that he was unaware of asbestos being present in the facility. Mr. Cline also stated that he was unaware of any citation by OSHA for particulates in the air at the facility.

By order dated December 7, 2023, the Board affirmed the decision of the claim administrator, and held that Ms. Cantrell failed to demonstrate that Mr. Cantrell was exposed to the hazards of occupational pneumoconiosis during the course of and as a result of his employment with Adams as required by West Virginia Code § 23-4-1(b) (2021).[3] The Board noted the prerequisite dust exposure necessary to maintain a claim for occupational pneumoconiosis, and found that Mr. Cantrell did not testify to the quantity of dust exposure specific to his employment with Adams as required by West Virginia Code § 23-4-1(b). It is from this order that Ms. Cantrell now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

---

[3] West Virginia Code § 23-4-1(b) provides, in pertinent part:

> Provided, That compensation is not payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than 10 years immediately preceding the date of his or her last exposure to such hazards, or for any five of the 15 years immediately preceding the date of his or her last exposure.

petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Ms. Cantrell raises a single assignment of error, in which she argues that the Board's order is clearly wrong in light of the evidence in the record, is arbitrary and capricious, and is in violation of the applicable statutes and regulations. In support of this assignment of error, Ms. Cantrell explains that she was appealing the rejection of an occupational disease death claim and argues that Mr. Cantrell worked as an industrial electrician on heavy electrical equipment at Adams, which exposed him to asbestos and that he was diagnosed with malignant mesothelioma before his death. She notes that asbestos exposure is the only known cause of malignant mesothelioma in the United States and that there is no safe level of exposure to asbestos. She asserts that she demonstrated that Mr. Cantrell performed the same duties at Adams as he did previously at J&S/Mountaineer Mining. Further, she contends that the September 10, 2022, affidavit of Jack Cantrell confirmed Mr. Cantrell's exposure to asbestos at Adams. Ms. Cantrell cites *Casdorph v. W. Va. Off. Ins. Comm'r*, 225 W. Va. 94, 100, 690 S.E.2d 102, 108 (2009) (quoting Syl. Pt. 5, *Powell v. State Workmen's Comp. Comm'r*, 166 W. Va. 327, 273 S.E.2d 832 (1980), noting that the Court has held that when "studies and research clearly link a disease to a particular hazard of the workplace, a prima facie case of causation arises upon a showing that the claimant was exposed to the hazard and is suffering from the disease to which it is connected."

Ms. Cantrell specifically argues that the Board's finding that she failed to establish the frequency and intensity of exposure was against the weight of the authority and contrary to the applicable law in a toxic exposure claim. Instead, Ms. Cantrell argues that since studies and research clearly link the disease of diffuse malignant mesothelioma to asbestos exposure, she has made a prima facie case of causation by showing that Mr. Cantrell was exposed to the hazard while working at Adams on older, asbestos-containing mining equipment and he suffered from mesothelioma. Additionally, Ms. Cantrell notes that, according to her expert, Dr. Khan, and medical literature, there is no known safe level of exposure to asbestos and the development of malignant mesothelioma. Although Ms. Cantrell acknowledged that sometime in the 1980s, newly manufactured mining equipment was no longer required to use asbestos, there was no evidence that Mr. Cantrell only worked on new equipment at Adams, and Jack Cantrell (Mr. Cantrell's brother who also

4

worked at Adams) confirmed that they worked on older mining equipment that contained asbestos parts. Thus, according to Ms. Cantrell, Mr. Cantrell worked on equipment containing asbestos at Adams and she specifically asserts that he met the requirements set forth in West Virginia Code § 23-4-1 and *Powell* to maintain a claim. Ms. Cantrell argues that the Board incorrectly weighed the evidence in accordance with the applicable statutes when it affirmed the claim administrator's denial of the claim. Finally, Ms. Cantrell points out that a claimant is not required "to prove that the conditions of his employment were the exclusive or sole cause of the disease." *Powell*, 166 W. Va. 327, 273 S.E.2d 832, syl. pt. 3. Upon review, we agree that the Board's decision is clearly wrong.

The Board based its order upon standards that apply to dependent's benefits related to occupational pneumoconiosis instead of the six factors set forth in West Virginia Code § 23-4-1(f) that apply to occupational diseases. It is clear that Ms. Cantrell intended the claim to be reviewed as an application for an occupational disease and her arguments to this court are also premised on an assertion that Mr. Cantrell's death was related to an occupational disease and not occupational pneumoconiosis.[4] Thus, we vacate and remand the Board's order for further proceedings consistent with this decision.

Vacated and Remanded.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[4] This court notes that the issue of whether Ms. Cantrell's claim should have been analyzed as an occupational pneumoconiosis claim or an occupational disease claim was not raised as an assignment of error. However, this issue is sufficiently raised throughout the argument section of Ms. Cantrell's brief.